UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST
FUND, et al.,
      Plaintiffs,         CIVIL ACTION NO. 07-CV-10697-DT

  vs.

                               DISTRICT JUDGE DAVID M. LAWSON

MERLYN CONTRACTORS,    MAGISTRATE JUDGE MONA K. MAJZOUB
INC.,
      Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

This is an action by the Plaintiff Funds to recover unpaid contributions and liquidated damages from Defendant Merlyn Contractors, Inc. By this motion filed on July 31, 2007, Defendant seeks to compel the production of documents and answers to interrogatories pursuant to its discovery requests, and sanctions. (Docket no. 8). Plaintiffs filed a Response. (Docket no. 14). Defendant filed a Reply brief. (Docket no. 16). The Court heard oral argument on August 24, 2007. The matter has been referred to the undersigned for decision. (Docket no. 9). This matter is therefore ready for ruling.

Most of the disagreements over the discovery requests at issue revolve around two issues. The first issue is whether Defendant may discover information related to its defense that the liquidated damages that Plaintiffs have assessed against it constitute a penalty under federal common law. The second issue is whether Defendant may discover information related to its defense that the pursuit of these damages constitutes unfair competition or arbitrary conduct to the extent that the attempt to collect them is an attempt to obtain payments in violation of 29 U.S.C. § 1106.

    1.      *Defendant's Void as Penalty Defense*

Plaintiffs argue that their assessments do not exceed the 20% cap on liquidated damages set out in ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii), and therefore cannot be an illegal penalty. However, the Sixth Circuit has held that this section applies only to assessments based on contributions which were still unpaid at the time judgment was awarded in the case. *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 389 (6th Cir. 1991). There is a dispute over whether Defendant has paid all of its required contributions. However, even if some contributions have not been paid, Defendant could pay them before judgment is entered in this case. As long as contributions are paid before judgment is entered, section 1132(g) would not apply. Therefore, at least at this stage the Court cannot find that section 1132(g) precludes Merlyn's argument that the assessed damages are a penalty under federal common law.[1]

A court analyzes two issues in deciding whether the damages are a penalty under federal common law. These issues are whether the harm caused by a breach is very difficult or impossible to estimate, and whether the amount fixed is a reasonable forecast of just compensation for the harm caused. *See id.* at 390 (for liquidated damages not covered by section 1132(g)(2), courts should consider whether the liquidated damages provisions in collective bargaining agreements constitute a penalty under federal common law); *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989) (setting out issues to consider in determining whether damages are penalty). Therefore, these issues informing whether the damages assessment is a penalty are relevant to the case, and Merlyn is entitled to discovery on them.

   2.   *Defendant's Arbitrary or Capricious Defense*

---

[1] The case submitted by Plaintiffs' counsel during oral argument confirms that courts must analyze whether liquidated damages constitute a penalty under federal common law when section 1132(g)(2) is not controlling. *Bricklayers Pension Trust Fund v. Rosati, Inc.*, 1999 WL 503501 (6th Cir. July 7, 1999).

The other defense raised by Defendant is that Plaintiffs are acting arbitrarily or in bad faith in attempting to collect the liquidated damages. Merlyn relies upon 29 U.S.C. § 1106 which prohibits a fiduciary from dealing with the assets of a plan in his own interest or for his own account. (Docket no. 8 at 8). Merlyn also cites a case which refers to the general standard of review in ERISA cases, i.e., that courts will not interfere with the administration of a pension plan unless its trustee or administrator has acted arbitrarily or capriciously. *See Brown v. Health Care and Retirement Corp.*, 25 F.3d 90, 94 (2nd Cir. 1994); *see also Dumac Forestry Servs., Inc. v. International Bhd. Of Elec.Workers*, 814 F.2d 79, 82 (2nd Cir. 1987).

The first obstacle for Merlyn in asserting this defense is that it is not a defense raised in Defendant's Answer.[2] (Docket no. 3). Generally, affirmative defenses not raised in the Answer are waived. *See TCP Indus., Inc. v. Uniroyal, Inc.,* 661 F.2d 542, 547 (6th Cir. 1981). Even if this defense has not been waived, it is not a "claim or defense of any party" for relevance purposes under Rule 26(b)(1).[3] Accordingly, Defendant must show "good cause" for the court to order discovery of this defense. *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Defendant has failed to show good cause to allow discovery on this defense. Defendant has not alleged that any other specific entity has been treated more favorably by Plaintiffs with regard to the repayment of liquidated damages. Defendant has been provided redacted copies of the minutes of the Funds' Joint Delinquency Committee and does not contend that these records show any particular ill

---

[2] Defendant raised as a defense in its Answer that Plaintiffs violated the equal treatment provisions of the labor contracts, entitling Defendant to a set off of its damages. However, after Plaintiffs convincingly argued in their Response that the labor contracts do not bind the Funds, Merlyn stated in its Reply brief that it is not "attempting to rely on understandings or defenses related to the labor contracts themselves." (Docket no. 16 at 3). In oral argument, Defendant's counsel confirmed that Defendant's argument is not based on the labor agreements. Thus, Defendant has abandoned any contention that the labor contracts impose a duty of fair dealing upon Plaintiffs that inures to its benefit.

[3] Although Defendant may move to amend its Answer to assert this defense, it has not done so.

will or bad faith toward it.  Defendant is simply on a fishing expedition.  Because good cause has not been shown, Defendant is not entitled to discovery on this defense.

       3.       *Defendant's First Request for Production of Documents*

In applying the foregoing determinations to the specific discovery disputes in this case, the Court makes the following conclusions.  Defendant's Request for Production of Documents Nos. 4, 5, and 8 all seek documents related to its arbitrary or capricious defense and therefore the motion to compel will be denied.  Defendant's Request No. 9 seeks minutes, notes, etc. generated in connection with meetings at which matters in issue in this case were discussed.  Two pages of redacted minutes have been produced by Plaintiffs.  Although Defendant is entitled to discovery on its penalty defense, Defendant has not shown that the documents requested by this Request are relevant to determining whether the damages are a penalty under the test set forth above.  Therefore, the motion to compel will be denied on Request No. 9.

Defendant's Request No. 10 seeks all audit files for Defendant from 2000 to 2007.  Defendant has received from Plaintiffs a letter and a few pages from a spreadsheet in response to this request.  Defendant states that it seeks notes or prep work related to the audits.  Plaintiffs assert the work product doctrine to shield documents from discovery.  However, Plaintiffs have not submitted a privilege log as required by Fed. R. Civ. P. 26(b)(5).  Generally, documents that would have been generated in the normal course of business without litigation are not protected by the work product doctrine.  *See In re Om Sec. Litig.*, 226 F.R.D. 579, 585 (N.D. Ohio 2005).  Plaintiffs shall either produce a privilege log for the withheld documents or produce the documents.

Defendant's Request No. 12 seeks the resume of Mr. Whatley, Plaintiffs' auditor.  The Court finds this document to be relevant and not necessarily tied to the two defenses discussed above.  The motion to compel this document will be granted.

*4. Defendant's Interrogatories*

Defendant's Interrogatory Nos. 1, 2, 3, and 4 all ask questions related to Defendant's arbitrary or capricious defense. Therefore, the motion to compel will be denied as to these Interrogatories. Interrogatory No. 7 asks for identification information of Plaintiffs' board members and audit committee members. This information is related to Defendant's arbitrary or capricious defense. The motion will be denied as to this request. Interrogatory No. 8 seeks information regarding the dollar amounts of unpaid contributions on which Plaintiffs base their liquidated damages claims. Plaintiffs have answered this Interrogatory adequately. Defendant states that it intends to depose Mr. Whatley who answered this Interrogatory. It may clear up any remaining questions during this deposition. The motion will be denied as to Interrogatory No. 8.

The Court will not award sanctions on this motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (docket no. 8) is **GRANTED** to the extent that Plaintiffs shall on or before noon on August 31, 2007, (1) either provide to Defendant's counsel a privilege log for documents withheld that are responsive to Defendant's Request for Production of Documents No. 10 regarding Defendant's audit files or produce the documents, and (2) produce the resume of Mr. Whatley, and is otherwise **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 24, 2007     s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 24, 2007                  s/ Lisa C. Bartlett
                                                         Courtroom Deputy