**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| LABORERS PENSION TRUST FUND–DETROIT AND VICINITY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 07-CV-10697-DT |
| vs. | |
| | DISTRICT JUDGE DAVID M. LAWSON |
| MERLYN CONTRACTORS, INC., | MAGISTRATE JUDGE MONA K. MAJZOUB |
| Defendant. | |

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES

This matter comes before the Court on Defendant's Motion to Amend Affirmative Defenses filed on August 31, 2007. (Docket no. 18). Plaintiffs have responded to the motion. (Docket no. 24). The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 20). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendant's motion is now ready for ruling.

Defendant seeks to amend its Answer pursuant to Fed. R. Civ. P. 15(a) to add an affirmative defense. Specifically, Defendant seeks to add the defense that "Plaintiffs have acted arbitrarily and capriciously in connection with their enforcement of the liquidated damages provisions of the plan such that their attempt to collect is unenforceable under federal common law or under 29 USC 1145." (Docket no. 18 at 2). Plaintiffs oppose this motion on several grounds. They argue that Defendant was in possession of the facts needed to assert this defense at the time it filed its Answer,

-1-

and there is no excuse for the delay; that the motion to amend is brought in bad faith as a collateral attempt to expand discovery; and that the proposed defense lacks a legal basis. (Docket no. 24).

Leave of court or consent is required for Defendant's proposed amendment under Fed. R. Civ. P. 15(a). Consent has not been given by Plaintiffs. Therefore, the Court must decide whether leave should be granted, and under Rule 15(a) such leave "shall be freely given when justice so requires." A court may deny a motion to amend because of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

There has been an undue delay in filing this motion. Plaintiffs' Complaint was filed in February 2007. (Docket no. 1). Defendant filed its Answer on March 14, 2007. (Docket no. 3). In April 2007, the district court set September 17, 2007 as the deadline for completing discovery. (Docket no. 7). Defendant's Motion to Amend was filed on August 31, 2007. Plaintiffs' Response to the motion was filed on September 17, the day discovery closed. Defendant later moved for an extension of that deadline, but the district court granted only an extension until October 9, 2007 for the filing of dispositive motions. (Docket no. 26). Therefore, the discovery deadline has now passed, and the time for filing dispositive motions is expiring as this Order is being drafted.

Defendant has failed to offer any justification whatsoever for the delay in seeking amendment of its Answer. The fact that Defendant may have acted quickly after this omission was brought to its attention does not explain why it allowed over 5 months to pass from the time its Answer was filed before filing this motion. Defendant clearly had notice from the claims and defenses asserted early in this action that the bases for this amendment would be issues in this action. Finally, Defendant has not alleged that there are any recently discovered facts which justify

its delay in seeking this amendment. This undue delay militates against granting Defendant's Motion.

Plaintiffs will be prejudiced if Defendant's Motion is granted. One of the reasons advanced by Plaintiffs for denying this motion is because the motion is simply an attempt to collaterally attack an earlier discovery order of this Court. (Docket no. 17). This Court previously denied Defendant's Motion to Compel discovery on its arbitrary and capricious defense partly because this defense was not raised in Defendant's Answer. This Court also found that Defendant was simply on a "fishing expedition" and had not shown good cause entitling it to discovery on this theory. Defendant has objected to that earlier Order of this Court, and that objection is now pending before the district judge. However, Defendant has not made any showing in the present motion which changes this Court's findings with regard to the lack of support for this defense. This discovery dispute shows that if Defendant's motion is granted, more discovery will be required. This will in turn prejudice Plaintiffs because the discovery deadline has now passed and the deadline for filing dispositive motions is expiring as this Order is being entered. Justice does not require that Defendant's Motion be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Amend Affirmative Defenses (docket no. 18) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 09, 2007                      s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 09, 2007                      s/ Lisa C. Bartlett
                                                       Courtroom Deputy